**FILED - LN**

May 1, 2009 10:51 AM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____ /_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **JENNELL STRAITS,** | ) | |
| | ) | **1:09-cv-396** |
| **Plaintiff,** | ) | |
| | ) | **Robert Holmes Bell** |
| **v.** | ) | **U.S. District Judge** |
| | ) | |
| **PALISADES COLLECTION, LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JENNELL STRAITS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PALISADES COLLECTION, LLC., Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.     PARTIES

4.     JENNELL STRAITS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the State of Michigan.

1

5. PALISADES COLLECTION, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is a Limited Liability Company, registered in the State of New Jersey.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Household Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In the months of October and November 2008, Plaintiff received multiple telephone calls from Defendant in an attempt to collect a debt allegedly owed by Plaintiff to Household Bank.

10. The alleged debt of Plaintiff was incurred for personal, family, or household services.

11. During the course of the aforementioned telephone calls, Defendant:

   i. Represented to Plaintiff that it was a law firm.
   ii. Used profanity and obscene language.
   iii. Contact Plaintiff after 9:00 p.m.
   iv. Communicated with Plaintiff at her place of employment despite being advised that she is not permitted to accept such calls at work and despite specifically requesting that Defendant no longer call her there.

12. In addition to the aforementioned telephone calls to Plaintiff, Defendant telephoned Plaintiff's parents' home and stated to Plaintiff's mother that it was calling to collect a debt from Plaintiff.

2

13.     Furthermore, despite having Plaintiff's true and actual location, and despite having had numerous conversations with Plaintiff, Defendant continued to contact Plaintiff's parents on multiple occasions.

14.     In its attempts to collect the debt allegedly owed by Plaintiff to Household Bank, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

> a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);
>
> b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);
>
> c. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);
>
> d. Communicated with the consumer at the consumer's place of employment despite having knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);
>
> e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);
>
> f. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);
>
> g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);
>
> h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);
>
> i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

3

j.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

15.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

16.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNELL STRAITS, by and through her attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00;

c.   Plaintiff's attorneys' fees and costs;

d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNELL STRAITS**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: April 28, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithlaw.us