IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JENNELL STRAITS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-cv-396 |
| ) | Judge Holmes Bell |
| PALISADES COLLECTION, LLC., ) | |
| ) | |
| Defendant. ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, JENNELL STRAITS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PALISADES COLLECTION, LLC., Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.     PARTIES

4.     JENNELL STRAITS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the State of Michigan.

1

5. PALISADES COLLECTION, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is a Limited Liability Company, registered in the State of New Jersey.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Household Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In the months of October and November 2008, Plaintiff received multiple telephone calls from Defendant in an attempt to collect a debt allegedly owed by Plaintiff to Household Bank.

10. The alleged debt of Plaintiff was incurred for personal, family, or household services.

11. During the course of the aforementioned telephone calls, Defendant:

   i. Represented to Plaintiff that it was a law firm. Upon information and belief, Defendant is not a law firm.

   ii. Used profanity and obscene language.

   iii. Contacted Plaintiff after 9:00 p.m.

   iv. Communicated with Plaintiff at her place of employment despite being advised that she is not permitted to accept such calls at work and despite specifically requesting that Defendant no longer call her there.

12. In addition to the aforementioned telephone calls to Plaintiff, Defendant telephoned Plaintiff's parents' home and stated to Plaintiff's mother that it was calling to collect a debt from Plaintiff.

13. Furthermore, despite having Plaintiff's true and actual location, and despite having had numerous conversations with Plaintiff, Defendant continued to contact Plaintiff's parents on multiple occasions.

14. During the course of the aforementioned telephone calls, Plaintiff repeatedly advised Defendant that this was not her debt and that she requested validation of the debt. No such validation of the debt has ever been provided.

15. During the course of the aforementioned telephone calls, Defendant stated that it had reviewed Plaintiff's credit report and could see what bills were outstanding. Defendant stated that it was time that Plaintiff took responsibility for her actions.

16. The sole purpose of Defendant reading Plaintiff's credit report to Plaintiff over the telephone was to intimidate Plaintiff and to coerce her into paying the debt she allegedly owed Household Bank.

17. In its attempts to collect the debt allegedly owed by Plaintiff to Household Bank, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

    c. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    d. Communicated with the consumer at the consumer's place of employment despite having knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    f. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    g. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    h. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    i. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

19. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNELL STRAITS, by and through her attorneys, respectfully prays for judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00;

      c.    Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNELL STRAITS**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: May 29, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **JENNELL STRAITS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:09-cv-396 |
| ) | Judge Holmes Bell |
| **PALISADES COLLECTION, LLC.,** ) | |
| ) | |
| **Defendant.** ) | |

### CERTIFICATE OF SERVICE

**To:**  Palisades Collection, LLC
210 Sylvan Avenue
Englewood Cliff, NJ 07632

    I, David M. Marco, an attorney, certify that I shall cause to be served a copy of **Plaintiff's Amended Complaint**, upon the above named individual(s) by: depositing same in the U.S. Mail box at 205 North Michigan Avenue, 40th Floor, Chicago, IL 60601, prior to 5:00 p.m. on **May 29, 2009**, postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; email; and/or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

| | | | |
|---|---|---|---|
| _x_ | U.S. Mail | ____ | Facsimile |
| ____ | Messenger Delivery | ____ | Email |
| ____ | Federal Express/UPS | ____ | ECF |

                                                By:   s/ David M. Marco
                                                    Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us